UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>WESLEY RUNNING SHIELD and MICHAEL ALFORD,<br><br>    Defendant. | CR. 14-50058-JLV<br>CR. 14-50059-01, 03-JLV<br><br><br>ORDER |

**INTRODUCTION**

On July 8, 2014, defendants Wesley Running Shield ("Wesley" or "Mr. Running Shield") and Michael Alford ("Michael" or "Mr. Alford") were charged in a three-count indictment.  (CR. 14-50058, Docket 1).  The offenses charged were: count 1, robbery; count 2, assault with a dangerous weapon; and count 3, assault resulting in serious bodily injury, all alleged to have occurred on June 12, 2014.  Id.  The indictment identified Johnse Donovan as the alleged victim in all three counts.  Id.

On July 8, 2014, defendants Running Shield and Alford were also charged in a second, three-count indictment.  (CR. 14-50059, Docket 1).  The offenses charged in this second indictment were: count 1, robbery; count 2, assault with a dangerous weapon; and count 3, abusive sexual contact, all alleged to have occurred on June 10, 2014.  Id.  This indictment identified Arviso Alston and Misty Garnier as the alleged victims in count 1, Mr. Alston as the alleged victim in count 2, and Ms. Garnier as the alleged victim in count 3.  Id.

On October 7, 2014, the government filed motions for joinder in both cases.  (CR. 14-50058, Docket 30; CR. 14-50059, Docket 57).  The government also filed notices of intent to present Rule 404(b) evidence is both cases.  (CR. 14-50058, Docket 28; CR. 14-50059, Docket 52).  Defendants filed a joint brief opposing the government's motion for joinder and admission of Rule 404(b) evidence.  (CR. 14-50058, Docket 48; CR. 14-50059, Docket 79).  Because the government's motions and notices of intent to use Rule 404(b) evidence are nearly identical in both cases, all references will be to CR. 14-50058 unless otherwise indicated.

## FACTUAL SUMMARY

Resolution of a motion for joinder must be determined from the factual allegations of the indictment and those allegations are to be considered as true. United States v. Massa, 740 F.2d 629, 644 (8th Cir. 1984) (overturned on other grounds).  See also United States v. Willis, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder"); United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989) ("the superseding indictment reveals on its face a proper basis for joinder").

In the motions for joinder, the government's case summaries go beyond the factual allegations of the indictments.  While the defendants have not acknowledged the accuracy of the government's summary of the facts in both cases, they do not argue the summaries would be inappropriate for the court's consideration in addressing either the motion for joinder or use of Rule 404(b)

2

evidence. For purposes of this order, the court will consider the following summary of the alleged offense conduct.

On June 10, 2014, Ms. Garnier and Mr. Alston were at Lesley Running Shield's ("Lesley") home in the Northridge Housing Community in Pine Ridge, South Dakota, visiting Tiffany Garnier.[1] After departing, Mr. Alston realized he forgot his smart phone at Lesley's home. Mr. Alston and Ms. Garnier returned to retrieve the phone. While at Lesley's home the second time, Wesley demanded Mr. Alston give Wesley the phone. When Mr. Alston refused, Wesley and Michael began to beat Mr. Alston. While Mr. Alston was on the ground, Wesley and Michael repeatedly kicked him while wearing shoes. Wesley and Michael then took the phone from Mr. Alston.

During the assault on Mr. Alston, Ms. Garnier remained in his pickup. Following the assault on Mr. Alston, Wesley opened the pickup door and climbed in next to Ms. Garnier. Michael did likewise through the other door. Michael began strangling Ms. Garnier and Wesley groped Ms. Garnier on the outside of her clothing. Michael and Wesley then left the area.

On June 12, 2014, Johnse Donovan was drinking in the living room of Jessica Maldonado's[2] home in the old Indian Health Services trailer court in Pine Ridge, South Dakota. Michael and Wesley came from a back room of the trailer, grabbed Mr. Donovan, threatened him and demanded money. Mr. Donovan

---

[1]Tiffany Garnier was Lesley's girlfriend. Lesley and Wesley are twin brothers.

[2]Ms. Maldonado is the sister of Lesley and Wesley.

told them he had no money. Michael and Wesley took Mr. Donovan to the ground and began beating him. Wesley struck him several times with a metal bar and broke Mr. Donovan's leg. Wesley and Michael then forced Mr. Donovan to go to his own home to get money.

At Mr. Donovan's home, he indicated there was money out in a shed. At the shed, Mr. Donovan grabbed a glass jar and struck Michael in the face. Michael and Wesley assaulted Mr. Donovan and while they had him on the ground kicked him multiple times. Michael and Wesley then fled the scene in a car Mr. Donovan borrowed from a friend. Mr. Donovan suffered a severe laceration to the top of his head, a broken leg and broken arm.

## ANALYSIS

Federal Rule of Criminal Procedure 8 is the beginning point for the analysis of the government's motions for joinder. That rule provides:

> (a) Joinder of Offenses. The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.  The court may also "order that separate cases be tried together as though brought in a single indictment . . . if all offenses and all defendants could have been joined in a single indictment."  Fed. R. Crim. P. 13.

Defendants do not challenge the right of the government to join the charges and defendants in separate indictments under Rule 8.  (Docket 48 at p. 4).  Rather, defendants oppose the government's motion to join all of the alleged offenses into a single proceeding.  Id.

Federal Rule of Criminal Procedure 14 allows the court to require separate trials "[i]f the joinder of offenses . . . or a consolidation for trial appears to prejudice a defendant . . . ."  Fed. R. Crim. P. 14(a).  "Even if charges are properly joined under Rule 8, a district court may exercise its discretion and sever the charges if the defendant will be prejudiced by the joinder of the two charges."  United States v. Garrett, 648 F.3d 618, 625 (8th Cir. 2011).  "Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [he] would have had in a severed trial . . . ."  Id. at 625-26 (internal citation omitted).  "[T]here is a strong presumption against severing properly joined counts . . . [and] [t]he defendant bears the burden of establishing prejudice."  Id. at 626.  "Prejudice to the defendant must be both 'real' and 'clear' . . . . To satisfy the real prejudice standard, a defendant may show . . . that the jury will be unable to compartmentalize the evidence . . . . The defendant carries a heavy burden in making this showing."  United States v.

5

Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (internal quotation marks and citation omitted).

The government argues joinder is appropriate "under Rule 8 because the offenses are of the same or similar character." (Docket 31 at p. 2). The government asserts the defendants "are alleged to have committed two assaults and robberies on separate victims within a course of two days." Id. The defendants oppose joinder arguing "[t]he offenses alleged in the two Indictments are not 'based upon the same act or transaction.' There is no allegation in either Indictment that the offenses are 'connected with or constitute parts of a common scheme or plan.' " (Docket 48 at p. 4). Defendants argue "the evidence pertaining to the offenses charged in the two indictments [does not] overlap[]." Id.

Resolution of the joinder issue under Rule 14 in the context of these cases necessarily centers on the court's analysis of defendants' objection to the government's notice of Rule 404(b) evidence. That rule provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . .
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1) & (2).

"Evidence of . . . [other] bad acts is admissible to show a common plan or scheme . . . or intent . . . ." United States v. Baker, 82 F.3d 273, 276 (8th Cir.

6

1996) (internal citations omitted).  "Proximity in time is a factor in deciding whether to admit 404(b) evidence, but there is no fixed period within which the prior acts must have occurred."  Id.  The lapse of time between the other bad acts and the current charges is not significant to the question of admissibility "particularly if the prior acts are so nearly identical in method as to earmark them as the handiwork of the accused . . . ."  Id. (internal quotation marks omitted).  Where intent is an element of the crimes charged, "evidence of other acts tending to establish that element is generally admissible."  United States v. Green, 275 F.3d 694, 701 (8th Cir. 2001) (quotation marks omitted).

   Rule 404(b) is a "rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition."  United States v. Heidebur, 122 F.3d 577, 579 (8th Cir. 1997).  "Thus, evidence of prior bad acts that is probative of the crime charged is not excluded under Rule 404(b)."  Id.  Where evidence of other crimes is "so blended or connected, with the one[s] on trial as that proof of one incidentally involves the other[s]; or explains the circumstances; or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged."  United States v. Swinton, 75 F.3d 374, 378 (8th Cir. 1996) (quotations omitted).

   Other bad acts are not admissible if such evidence has "no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts."  United States v. Stroud, 673 F.3d 854, 860 (8th Cir. 2012) (internal quotation marks and citations omitted).  "The evidence must be (1)

7

relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." Id. (internal quotation marks and citations omitted).

Under Rule 404(b) the evidence is admissible to prove "intent, preparation, plan[ning], knowledge, absence of mistake or lack of accident." Fed. R. Evid 404(b)(2). The final determination on admissibility under Rule 404(b) must include a balancing of the prejudicial effect of the evidence under Rule 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[A]lthough all Rule 404(b) evidence is inherently prejudicial, the test for exclusion under Rule 403 is whether its probative value is substantially outweighed by the danger of unfair prejudice." United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008) (quotation marks and brackets omitted).

The court finds the proffered Rule 404(b) evidence, that is, the factual allegations which support the separate indictments, is unduly prejudicial and is likely to confuse and mislead the jury if presented during the trial of the separately indicted cases. The proposed 404(b) evidence for use at trial of the alleged June 10, 2014, offenses includes the alleged criminal conduct committed on June 12, 2014, and vice versa. The offense conduct which the government seeks to admit under Rule 404(b) is not relevant to the offenses charged in the

other indictment and is being offered "solely to prove the defendant[s'] propensity to commit criminal acts."  <u>Stroud</u>, 673 F.3d at 860.  The evidence is too prejudicial under Rule 403 to be allowed under Rule 404(b).  <u>Baker</u>, 82 F.3d at 276.  The defendants' objections to the government's notice of Rule 404(b) evidence are sustained.

Having concluded the Rule 404(b) evidence is not admissible, the court finds the defendants would be unduly prejudiced by joinder of the indictments for trial.  Fed. R. Crim. P. 14(a).

### ORDER

Based on the above analysis, it is hereby

ORDERED that defendants' objections to joinder and to admission of Rule 404(b) evidence (CR. 14-50058, Docket 48; CR. 14-50059, Docket 79) are sustained.

IT IS FURTHER ORDERED that the government's notices of intent to present Rule 404(b) evidence (CR. 14-50058, Docket 28; CR. 14-50059, Docket 52) are denied.

IT IS FURTHER ORDERED that the government's motions for joinder (CR. 14-50058, Docket 30; CR. 14-50059, Docket 57) are denied.

Dated January 13, 2015.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE